IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-03357-PAB

CARLI M. STAZICK, f/k/a Carli M. Moran,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, d/b/a State Farm Fire and Casualty Company, State Farm General Insurance, State Farm Insurance, State Farm Insurance Company, State Farm Insurance Co.

    Defendant.

---

## ORDER

---

This matter is before the Court on plaintiff's second Motion to Remand to State Court [Docket No. 13].

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000 (exclusive of interest and costs). *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011). The party seeking to assert federal court jurisdiction must demonstrate that "it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). "The amount claimed by the plaintiff in its complaint generally controls and alone can be sufficient to support subject matter jurisdiction." *Marcus Food Co.*, 671 F.3d at 1171 (citing *Adams v. Reliant Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)) (internal quotations omitted). Assuming that the party seeking to assert

jurisdiction meets its burden, the other party may challenge that showing. *Id*. However, dismissal on amount-in-controversy grounds is generally "warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of World Life Ins. Soc.*, 342 F.3d at 1217. In a case removed from state court, the jurisdictional amount is determined at time of removal. 14AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3702.4 (4th. ed.).

Plaintiff argues that remand is required because the amount in controversy is less than the $75,000 required for this Court to exercise subject matter jurisdiction. *See* Docket No. 13 at 2-3, ¶ 5. 28 U.S.C. § 1332(a). In response, defendant states that the amount in controversy requirement is satisfied because plaintiff filed a civil cover sheet in the District Court for the City and County of Denver, Colorado indicating that she sought a monetary judgment over $100,000. *See* Docket No. 14 at 2, ¶¶ 3-4; Docket No. 1 at 2-3, ¶ 7. The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff. *See Paros Props. LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).[1] Plaintiff also filed a settlement offer of $70,000 in state court; however, the offer was obviously not accepted and, by the time of removal, plaintiff made no agreement to limit the total

---

[1] Plaintiff's motion does not respond to *Paros* in any way, despite an order by Magistrate Judge Nina Y. Wang directing plaintiff to do so. *See* Docket No. 9 (striking plaintiff's first Motion to Remand to State Court [Docket No. 8]). All of the cases that plaintiff cites predate *Paros*. *See* Docket No. 13 at 2, ¶ 5 (citing *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)); Docket No. 13-2 (*Klein v. State Farm Mutual Auto. Ins. Cos.*, No. 08-cv-02257-MSK, Docket No. 8 (Nov. 18, 2008)); Docket No. 13-3 (*Warner v. Allstate Ins. Co.*, No. 09-cv-01895-CMA-KLM, Docket No. 13 (Sept. 9, 2009)).

amount of her damages claim. *See* Docket No. 13 at 2, ¶ 3.[2]  Finally, plaintiff's complaint seeks two times the amount of the unpaid benefit in damages under Colo. Rev. Stat. §§ 10-3-1115 and 1116, as well as reasonable attorney's fees and noneconomic damages. *See* Docket No. 1-9 at 5. Under the circumstances, plaintiff provides no explanation why the amount in controversy would be less than $75,000. *See Woodmen of World Life Ins. Soc.*, 342 F.3d at 1217. Although plaintiff argues that "whether the actual value of [the] claim exceeds $75,000 is a matter of pure speculation," Docket No. 13 at 3, ¶ 8, plaintiff has represented to the state court that the amount in controversy is greater than $100,000. *See* Docket No. 14-2 at 2 (civil cover sheet signed by counsel); *Paros*, 835 F.3d at 1272 ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding. . . ."). As plaintiff fails to adequately challenge defendant's representation that the amount in controversy is satisfied, the Court will deny plaintiff's second Motion to Remand to State Court [Docket No. 13]. Therefore, it is

**ORDERED** that plaintiff's second Motion to Remand to State Court [Docket No. 13] is **DENIED**.

---

[2] In fact, plaintiff later refused to limit her claim to less than $75,000. *See* Docket No. 14 at 3, ¶ 7.

DATED February 8, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge